UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOREMOST INSURANCE COMPANY, GRAND RAPIDS, MICHIGAN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL B. STEELE and SARAH BROWN and KEVIN LEE PRICE,<br><br>Defendants. | CIVIL ACTION NO. 3:24-CV-00684<br><br>(MEHALCHICK, J.) |

MEMORANDUM

Plaintiff Foremost Insurance Company, Grand Rapids, Michigan ("Foremost") initiated this lawsuit on April 22, 2024, by filing a complaint ("Complaint") against Michael B. Steele ("Steele"), Sarah Brown ("Brown"), and Kevin Lee Price ("Price") (collectively, "Defendants"). (Doc. 1). Foremost seeks declaratory relief in the form of a declaration that (1) it owes no insurance coverage to Steele and has no duty to defend or indemnify Steele in an underlying tort action and (2) defense counsel that Foremost has assigned to Steele in the underlying action may withdraw his appearance. (Doc. 1, at 14). Presently before the Court are two motions for entry of a default judgment filed by Foremost against Price and Steele respectively. (Doc. 18; Doc. 20). For the following reasons, the motions shall be **GRANTED**. (Doc. 18; Doc. 20).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary is taken from Foremost's Complaint. (Doc. 1). There is one other lawsuit ("Brown Litigation") relevant to this matter that implicate Foremost's interests as an insurer. (Doc. 1, at 7-12). The Brown Litigation involves Steele, Brown, and

Price. (Doc. 1, at 7). On October 5, 2023, Brown filed a complaint ("Brown Complaint") in the Court of Common Pleas of Luzerne County against Price and Steele asserting claims of negligence and negligence per se. (Doc. 1, ¶¶ 15-17). Brown alleges that on August 6, 2023, she was outside of her residence at 65 Barney St. in Larksville, PA. (Doc. 1, at 7-8). At the same time, Price was outside of the property he rents from Steele located at 71 Barney St. in Larksville, PA with his dog Miami ("Miami"). (Doc. 1, at 7-8). Without provocation, Miami suddenly got loose and attacked Brown, causing her injuries. (Doc. 1, at 8). Brown alleges that on December 13, 2022, Miami previously got loose and bit two children and thus has a history of attacking humans without provocation. (Doc. 1, at 9). Price also posts "Beware of Dog" signs on his property. (Doc. 1, at 9). Brown additionally contends that Steele knew that Miami was dangerous because when Steele collects rent from Price, he does not enter the residence due to the danger of Miami's presence. (Doc. 1, at 9). According to Brown, both Steele and Price "realized the risk that the dangerous dog, Miami posed to society and acted in conscious disregard or reckless indifference to that danger" by failing to properly secure the dog and/or allowing the dog to remain on the subject property. (Doc. 1, at 9). After the incident, the Larksville police cited Price for violations of the Pennsylvania Dog Law and Larksville Borough Ordinances. (Doc. 1, at 8).

Foremost insured Steele under the Dwelling Fire One Policy Vacant or Unoccupied, policy number 381-0091679411-07. (Doc. 1, ¶ 11). Under the Foremost policy, Foremost is required to insure Steele for accidents, including bodily injuries to other persons and medical costs related thereto as well as property damage, at covered premises. (Doc. 1, ¶ 14). One such covered premise is 71 Barney St. in Larksville, PA, the property that Defendant Price rented from Defendant Steele when the incident leading to the Brown Litigation occurred. (Doc. 1,

¶¶ 13, 18). The Foremost policy includes premises liability limits of $100,000 per accident and medical payment limits of $500 per person. (Doc. 1, ¶ 13). The Foremost policy also includes certain exclusions. (Doc. 1, at 6). For example, the Foremost policy explicitly excludes coverage for bodily injury or property damage that results from the actions that occur on insured premises of (1) any animal which the insured (or the insured's family member or employee) is aware has a prior history of biting or attacking humans or other animals or (2) any dog that is deemed dangerous as defined by Pennsylvania Public Law 784, as amended. (Doc. 1, at 6).

Foremost alleges that it does not owe coverage, a duty to defend, or a duty to indemnify Steele under the Foremost policy because according to Brown's complaint in the Brown Litigation, Brown does not allege that the accident occurred on covered premises. (Doc. 1, ¶ 23). Foremost further asserts that there is no coverage available to Steele because the exclusions related to dangerous animals apply because Steele was aware of Miami's history of attacking and biting people and Miami is deemed dangerous under Pennsylvania Public Law 784, as amended. (Doc. 1, ¶¶ 24-26). Consequently, Foremost alleges that Steele is not entitled to coverage related to the Brown Litigation, and the counsel it has thus far provided to Steele should be permitted to withdraw. (Doc. 1, at 14).

On April 22, 2024, Foremost filed its Complaint for Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 USC § 2201, ("DJA") seeking that this Court declare that Foremost has no duty to cover, indemnify, or defend Steele in the related state court proceedings and that Foremost is entitled to cease providing Steele representation in the Brown Litigation. (Doc. 1, at 14). On November 13, 2024, Foremost filed its motions for

3

entry of default judgment against Price and Steele, respectively. (Doc. 18; Doc. 19). Price and Steele have not addressed those motions and thus, the matter is ripe for disposition.

**II.  DISCUSSION**

At Foremost's request, the Clerk of Court has entered a default against Steele and Price. (Doc. 15; Doc. 16). A plaintiff who prevails by default must still demonstrate that they are entitled to the relief they seek. *See DIRECTV Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). Here, Foremost requests a declaratory judgment that it has no duty to defend or indemnify Steele or Price as a result of pending state court litigation. (cite). According to Pennsylvania law, an insurer's duty to defend or indemnify an insured in litigation is triggered by the language and factual allegations in the underlying complaint. *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins*. Co., 908 A.2d 888, 896 (Pa. 2006); *see Leithbridge Co. v. Greenwich Ins. Co*., 464 F. Supp. 3d 734, 739 (E.D. Pa. 2020) ("In determining whether the underlying litigation falls within the scope of the insurer's duties to defend or indemnify, a court must examine only those factual allegations made within the "four corners" of the underlying complaint."). As such, "[t]he duty to defend commences when, comparing the factual allegations of the complaint with the terms of the policy at issue, a complaint alleges facts that potentially bring at least one claim alleged in the action within the coverage of the policy." *State Farm Fire & Cas. Co. v. Seprish*, No. 3:23-CV-1153, 2024 WL 1538439, at *1 (M.D. Pa. Mar. 11, 2024), *report and recommendation adopted*, No. 3:23-CV-01153, 2024 WL 1887061 (M.D. Pa. Apr. 30, 2024) (citing *Mutual Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999)). When a claimant has a policy that provides coverage for accidents that occur on a certain premises, as the parties do here, "[i]n order to trigger coverage under the policy issued . . . there must be a claim for bodily injury caused by an accident and the bodily injury

must occur at or on the designated premises." *Foremost Ins. Agency Grand Rapids, Michigan v. Himmel*, No. CV 1:09-2575, 2012 WL 13001558, at *10 (M.D. Pa. Mar. 15, 2012), *report and recommendation adopted in part, rejected in part,* No. 1:09-CV-2575, 2012 WL 13001585 (M.D. Pa. June 1, 2012). This Court has found that when "the clear and unambiguous terms of the policy do not provide for off-site injuries and [] [when] the injuries which occurred in this case occurred off-site[,]" an insurer owes no duty to defend or indemnify the insured. *Himmel*, 2012 WL 13001558, at *10 (granting summary judgment to an insurance company and finding that the insurer owes no defense or indemnity obligations to an insured when the insured's dog bit a plaintiff in an underlying suit on a neighbor's property because the bite did not occur on the insured's property, as per the insurance agreement).

Here, the insurance policy at issue, as attached to Foremost's complaint, extends coverage only to injury resulting from bodily injury that occurs on premises listed on the policy's Declarations page. (Doc. 1-3). In relevant part, the Foremost policy states:

> Coverage F — Premises Liability
>
> If a claim is made or a suit is brought against you for damages because of bodily injury or property damage, caused by an accident on your premises to which this coverage applies and that occurs during the Policy Period shown on the Declarations Page, we will:
>
> > 1. Pay up to the Limit of Liability shown on the Declarations Page for the compensatory damages for which you are legally liable; and
> >
> > 2. Provide a defense at our expense by attorneys of our choice.

(Doc. 1, at 5; Doc. 1-3). The Medical Payments section of the Foremost policy includes similar limitations based upon premises:

> Coverage G — Medical Payments to Others applies only to a person on your

premises with your permission. Medical Payments to Others does not apply to any resident, renter, tenant, roommate, roomer, or boarder. "Premises" is defined as follows:

> 1. The dwelling that is described on the Declarations Page;
>
> 2. The other structures including sidewalks, driveways, or other private approaches that serve that dwelling; and
>
> 3. The grounds where that dwelling is located

(Doc. 1, at 5-6; Doc. 1-3).

Premises is defined in the Foremost policy as follows:

> 1. The dwelling that is described on the Declarations Page;
>
> 2. The other structures including sidewalks, driveways, or other private approaches that serve that dwelling; and
>
> 3. The grounds where that dwelling is located.

(Doc. 1, at 4; Doc. 1-3).

The Foremost policy explains that Premises does **not** mean:

> 1. Dwellings that are not described on the Declarations Page;
>
> 2. Other structures including sidewalks, driveways, or other private approaches, which solely serve a swelling that is not described on the Declarations Page; or
>
> 3. The grounds that are immediately adjacent to the dwellings that are not described on the Declarations Page even if located on the same parcel of land or at the same address as your dwelling described on the Declarations Page.

(Doc. 1, at 4; Doc. 1-3).

The Brown Complaint filed against Steele and Price in state court alleges that on August 6, 2023, Brown was outside of her residence at 65 Barney St. in Larksville, PA when Price was outside of the property he rents from Steele located at 71 Barney St. in Larksville, PA with Miami. (Doc. 1, at 7-8). Without provocation, Miami got loose and attacked Brown

6

on her property, causing her to be injured. (Doc. 1, at 8). On the face of the complaint, the injuries took place at 65 Barney St. in Larksville, PA, which is not an insured premise, as defined by the Foremost policy. Because the actions underlying the state court complaint involve a dog bite that occurred on a property other than that dwelling listed on the Declaration Page of the Foremost policy, Steele and Price are not entitled to defense or indemnification by Foremost. (Doc. 1, at 4-8). Thus, given Steele and Price's repeated failures to answer, respond or defend this case, the Court will **GRANT** Foremost's motions and enter declaratory judgments in favor of Foremost against Steele and Price, providing that Foremost has no duty or obligation to defend or indemnify Steele or Price under their State Farm policy number 381-0091679411-07 in the Brown Litigation.

### III. CONCLUSION

For the foregoing reasons, Foremost's motions for entry of default judgment are **GRANTED**. (Doc. 18; Doc. 20).

An appropriate Order follows.

BY THE COURT:

Dated: June 16, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**